[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10911

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WILLIAM ANDREW KINSEY, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:99-cr-08078-WPD-1

_____

Before NEWSOM, GRANT, and WILSON, Circuit Judges.

PER CURIAM:

William Kinsey, III, a federal prisoner, appeals the district court's denial of his motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). He argues the district court abused its discretion by failing to adequately consider the 18 U.S.C. § 3553(a) factors and the extraordinary and compelling circumstances supporting his sentence reduction. He also argues the district court did not explain its decision in a way that allowed for meaningful appellate review. After careful consideration, we affirm the district court.[1]

## I.

In 1999, a jury convicted Kinsey of six counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) and six counts of using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), based on his participation in six armed robberies. Over a five-week period, Kinsey and a co-conspirator robbed three hotels, two check cashing operations, and one dry cleaner.

The Presentence Investigation Report (PSI) calculated Kinsey's total guideline range as 1,641 to 1,655 months' imprisonment: 57 to 71 months' imprisonment for the robbery convictions and a mandatory minimum 1,584 months for the firearm convictions. The district court sentenced Kinsey to a total of 137 years (or 1,655

---

[1] Because remand is unnecessary, we need not address Kinsey's request to reassign his case to a different district court judge.

months) of imprisonment: 71 concurrent months for the six robbery counts, 7 years for the first firearm conviction and 25 years for each "successive" conviction, to run consecutively.

The court noted that it imposed a sentence at the high end of the guideline range because it viewed "the threats of violence, and the use of force, and pointing the guns at victims, and threatening to kill the victims [during the robberies] as aggravating circumstances, things that victims take a long, long time to forget." Kinsey unsuccessfully appealed his convictions and total sentence and was denied various post-conviction remedies, including several pro se compassionate release motions.

In 2024, Kinsey filed the present motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A) allows district courts to reduce a defendant's sentence if: (1) the 18 U.S.C. § 3553(a) sentencing factors[2] favor doing so; (2) there are "extraordinary and compelling reasons" for doing so; and (3) doing so would not endanger any person or the community within the meaning of U.S.S.G. § 1B1.13's policy statement. *See United States v.*

---

[2] The § 3553(a) sentencing factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need to reflect the seriousness of the offense and promote respect for the law, provide just punishment, to afford adequate deterrence, and protect the public from further crimes of the defendant, (3) the kinds of sentences available; (4) the applicable Guidelines range; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similarly situated defendants; and (7) the need to provide restitution to any victims of the offense." *See* 18 U.S.C. § 3553(a)(1)–(7).

*Tinker,* 14 F.4th 1234, 1237 (11th Cir. 2021) (per curiam). Section 1B1.13's policy statement points to factors such as whether the offense was a crime of violence or involved a firearm. U.S.S.G. § 1B1.13(a)(2); *see also* 18 U.S.C. § 3142(g)(1).

In the motion, Kinsey asserted two "extraordinary and compelling reasons" for the district court to reduce his 137-year sentence: (1) his sentence was "unusually long" compared to the average sentences for robbery and firearm offenses, *see* U.S.S.G. § 1B1.13(b)(6); and (2) his rehabilitation while in jail, strong family and community support systems, and the disparity between his and his codefendant's sentence qualified as "other" compelling reasons for sentence reduction, *id.* § 1B1.13(b)(5).

The district court denied Kinsey's motion in a ten-page order. Having presided over the trial, the court stated it had "taken a second look" at the case "and again concludes in its discretion, that this case does not present a combination of circumstances that when considered by themselves or together constitute extraordinary and compelling reason for a sentence reduction." The order stated the court reviewed the case file and PSI, considered Kinsey's motion, the government's response, and Kinsey's reply. It detailed Kinsey's case history, including his post-conviction motions and acknowledged the letters of support from prison officials and Kinsey's relatives.

Ultimately, the court concluded that the § 3553(a) factors did not weigh in favor of a sentence reduction. Though it "considered

24-10911               Opinion of the Court                    5

the mitigating circumstances: rehabilitation,[3] family support, and a longer sentence than a co-defendant who pled guilty, performed substantial assistance and was less culpable," the court found that reducing Kinsey's sentence "would not reflect the offense conduct's seriousness, promote respect for the law, provide just punishment, or serve as adequate deterrence." It noted that Kinsey placed the victims of his underlying crimes through significant trauma, citing seven specific instances in the PSI where Kinsey was pointing guns at victims (including at a pregnant woman's rib cage), pushing them to the ground, and threatening to kill them. This appeal followed.

## II.

We review an order denying a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) for abuse of discretion. *See United States v. Cook*, 998 F.3d 1180, 1183 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011). We will not substitute our own judgment for that of the sentencing court and we will affirm a sentence so long as the court's decision was "in the ballpark of permissible outcomes." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022) (quotation marks omitted).

---

[3] While recognizing Kinsey's rehabilitation, the district court also cited Kinsey's inmate disciplinary record, showing that he has several infractions, one as recently as 2022.

Even though our review is limited to abuse of discretion, a district court must provide "enough explanation in order to determine whether such an abuse has occurred." *United States v. Stevens*, 997 F.3d 1307, 1317 (11th Cir. 2021).

## III.

On appeal, Kinsey argues the district court failed to provide enough explanation of its denial of his motion based on the § 3553(a) factors to permit meaningful appellate review. He also argues the district court abused its discretion when it denied his compassionate release motion based on the § 3553(a) factors and the seriousness of his underlying charge, without considering his asserted "extraordinary and compelling" reasons for relief" under U.S.S.G § 1B1.13(b)(5) and (b)(6). Both arguments are unavailing.

First, the district court explained its decision to deny Kinsey's motion for sentence reduction in a way that allows us to conduct meaningful appellate review. *See Stevens*, 997 F.3d at 1317. The judge need not provide a lengthy explanation if the "context and the record" make clear that the judge had "a reasoned basis" for reducing the defendant's sentence. *Chavez-Meza v. United States*, 585 U.S. 109, 117 (2018). The court is not required "to articulate its findings and reasoning with great detail," but its explanation must "make clear that the court had a reasoned basis for choosing to reduce or to not reduce a defendant's sentence." *Stevens*, 997 F.3d at 1317 (quotation marks omitted and alteration adopted). "At minimum, we must be able to understand from the record how the

district court arrived at its conclusion, including what factors it relied upon." *Cook*, 998 F.3d at 1185.

Here, the district court's order adequately explained its decision and demonstrated that it had a reasoned basis for the exercise of its discretion. *Stevens*, 997 F.3d at 1317. The district court was not required to address "each of the § 3553(a) factors or all of the mitigating evidence." *Tinker*, 14 F.4th at 1241 (quotation marks omitted). It was sufficient for the court to acknowledge, as it did here, that it considered all applicable § 3553(a) factors and the parties' arguments. It provided "enough analysis that meaningful appellate review of the factors' application can take place." *Id.* at 1240–41.

Second, the district court was within its discretion to deny Kinsey's motion based on its analysis of the § 3553(a) sentencing factors (or § 1B1.13's policy statement) without addressing whether he could present "extraordinary and compelling reasons." *See Tinker*, 14 F.4th at 1240. A district court does not abuse its discretion by denying compassionate release after analyzing only one of the three statutory requirements. *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021). The court need not conduct the compassionate-release analysis "in any particular order." *Tinker*, 14 F.4th at 1237. If the court finds against the movant on even one requirement, it is not required to consider the other two. *Giron*, 15 F.4th at 1347–48. Because the district court explicitly based its decision on the § 3553(a) factors and the seriousness of the underlying crime, it was not required to address Kinsey's extraordinary and compelling bases for reduction.

Finally, we find that the district court did not abuse its discretion in weighing the § 3553(a) factors. A district court weighing the § 3553(a) factors abuses its discretion, "when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). None of these criteria are met here.

The court did not overlook relevant factors. *Tinker*, 14 F.4th at 1241. District courts are not required address every § 3553(a) factor or every mitigating argument. *Cook*, 998 F.3d at 1184. And the district court here provided an adequate discussion of several § 3553(a) factors. It emphasizes the violent nature of Kinsey's acts and their lasting impact on victims, which was within its discretion to do. It also acknowledged the parties' filings which discuss the factors at length. And the record reflects that the court did not overlook the mitigating circumstances that Kinsey asserts were ignored. The order explicitly stated that it considered his "rehabilitation, family support, and a longer sentence than a co-defendant who pled guilty, performed substantial assistance, and was less culpable." It also acknowledged Kinsey's letters of support and referenced details in the government's.

The district court also did not rely on an improper or irrelevant factor. The nature and seriousness of Kinsey's offense, the need to promote respect for the law, provide just punishment, and

24-10911                Opinion of the Court                9

afford adequate deterrence were appropriately considered under § 3553(a)(1) and (2).

Finally, the court's consideration of these properly considered factors does not reflect a clear error of judgment. The weight given to each § 3553(a) factor is "committed to the sound discretion of the district court," and "a district court may attach great weight to one § 3553(a) factor over others." *Butler*, 39 F.4th at 1355.

Considering the seriousness of Kinsey's offense conduct—which, as the court noted at his original sentencing hearing, involved threats of violence, the use of force, pointing a gun at victims, and death threats—the court did not commit a clear error of judgment in considering the proper factors. *Tinker*, 14 F.4th at 1241. It was entitled to attach greater weight to the seriousness of the offense conduct and Kinsey's disciplinary record, the need to promote respect for the law, provide just punishment, and afford adequate deterrence, than to Kinsey's compelling mitigating circumstances. *Butler*, 39 F.4th at 1355.

The district court did not abuse its discretion when it determined the aggravating § 3553(a) factors outweighed the mitigating factors that might otherwise justify Kinsey's release. Thus, the district court did not err in denying Kinsey's motion for a reduced sentence, so we **AFFIRM** its judgment.